IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **LINDA S. GALLEGOS** | : | |
| **2115 North Mesa** | : | **CIVIL ACTION** |
| **Roswell, NM  88201** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | NO: |
| **BURLINGTON NORTHERN &** | : | |
| **SANTA FE RAILWAY CO.** | : | |
| c/o  C.T. Corporate Systems | : | |
| 123 East Marcy | : | |
| Santa Fe, NM  87501 | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

1.       This suit is governed by the Federal Employers' Liability Act, Federal Safety Appliance Act and the Boiler Inspection Act, 45 U.S.C. Sec. 51 et. seq., which grants this Court jurisdiction over this action.

2.       Plaintiff, Linda S. Gallegos, is a competent individual residing at the above-captioned address.

3.       At all times material hereto, Defendant, Burlington Northern & Santa Fe Railway Company, the successor in interest to the Atchison, Topeka and Santa Fe Railway, was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business throughout the state of New Mexico and other states of the United States.

4.       At all times relevant hereto, the Plaintiff was employed by the Defendant railroad as a laborer at the Albuquerque roundhouse and Centralized Work Equipment

Shop and other locations throughout New Mexico , and was acting in the course and scope of her employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of said Act.

5. At all times relevant hereto, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its servants, agents and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. All of the property, equipment and operations involved in this occurrence were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees

7. By reason of the foregoing, the Plaintiff's cause of action arises under the appropriate provisions of the Federal Employer's Liability Act ("F.E.L.A."), 45 U.S.C. §51, et seq.

8. While working for the Defendant, Plaintiff was exposed to excessive and harmful amounts of creosote, chemical waste, diesel-exhaust and various solvents.

9. As a result of said exposure, Plaintiff suffers from melanoma due to the dangerous, unsafe and inadequate working conditions the particulars of which are set forth below.

10. Less than three years before this action was filed, Plaintiff discovered that she suffered from various physical maladies as a result of repetitive and chronic exposure to various toxic substances, and until such time, Plaintiff was reasonably ignorant of same.

11. Plaintiff's injuries were caused in whole or in part by the negligence of Defendant generally and in the following particulars:

(a) In failing to use ordinary care to provide Plaintiff a reasonably safe place in which to work;

(b) In failing to comply with the applicable government regulations regarding the handling of toxic substances;

(c) In failing to take any effective action to reduce the amount of toxic substances to which Plaintiff was exposed;

(d) In failing to periodically test employees such as the Plaintiff for physical effects of exposure to toxic substances, and failing to take appropriate action including advising the Plaintiff as to the test results;

(e) In failing to exercise reasonable care to adequately warn the Plaintiff of the risks, dangers and harm to which she was exposed in working with and around toxic substances;

(f) In negligently requiring and/or allowing the Plaintiff to be exposed to dangerous levels of toxic substances when it knew of the risks thereof;

(g) In negligently failing to inspect or monitor the exposure to toxic substances in the job duties where the Plaintiff was required to work;

(h) In negligently failing to warn the Plaintiff of the risk of neurological injuries and/or cancer as a result of exposure to toxic substances;

(i) In negligently failing to provide the Plaintiff with protective equipment designed to protect her from exposure to toxic substances;

3

  (j)  In negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding exposure to toxic substances;

  (k)  In negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate Plaintiff's exposure to toxic substances; and

  (l)  In negligently failing to make reasonable efforts to ascertain the risks and hazards of prolonged exposure to toxic substances.

12. By reason of the aforesaid injuries, the Plaintiff has been disabled from gainful employment, her earning capacity has been permanently impaired, she has incurred and will continue to incur medical expenses and he has suffered and will continue to suffer inconvenience, great physical and mental pain and embarrassment.

WHEREFORE, the Plaintiff, Linda S. Gallegos, demands judgment against the Defendant, Burlington Northern & Santa Fe Railway Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

           CAPPELLI & MUSTIN, L.L.C.

Date: 04/17/09

         BY: _____/s/Shawn M. Sassaman_____
           SHAWN M. SASSAMAN, ESQUIRE
           Eight Tower Bridge Building, Suite 1090
           161 Washington Street
           Conshohocken, PA 19428
           (610) 941-4444

         BY:_____/s/Orlando A. Sandoval_____
           ORLANDO A. SANDOVAL
           1020 Lomas Blvd., N.W.

5

Albuquerque, NM  87102
(505) 247-4944